# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-221V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *  *
                                                   *
                                                   *
                                                   *
CLAIRE CHILAZI, administrator of the               *
estate of Zakaria Chilazi,                         *
                                                   *   Filed: June 29, 2021
              Petitioner,                           *
                                                   *
                                                   *
v.                                                 *   Decision by Stipulation; Damages;
                                                   *   Influenza ("Flu") Vaccine; Cardiac Arrest.
                                                   *
SECRETARY OF HEALTH AND                            *
HUMAN SERVICES,                                    *
                                                   *
                                                   *
              Respondent.                           *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *  *
```

*David Gregory Rogers*, Rogers, Hofrichter & Karrh, LLC, Fayetteville, GA, for Petitioner
*Lynn Schlie*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON JOINT STIPULATION[1]

On February 15, 2017, Joelle Chilazi filed a petition on behalf of her mother, Claire Chilazi ("Petitioner"), administrator of the estate of Zakaria Chilazi, vaccinee, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges Mr. Chilazi suffered a cardiac arrest, ultimately leading to his death, as a result of the influenza ("flu") vaccination he received on October 20, 2015. *See* Stipulation ¶ 1, 2, 4, dated June 29, 2021 (ECF No. 64); *see also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Respondent denies "that the vaccine caused Mr. Chilazi to develop any of the alleged injuries, any other injury or condition, or his death." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed June 29, 2021 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a lump sum of $2,000.00 in the form of a check payable to [P]etitioner.

Stipulation ¶ 8. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

CLAIRE CHILAZI,<br>
Administrator of the Estate of<br>
Zakaria Chilazi,

      Petitioner,

v.

SECRETARY OF HEALTH AND<br>
HUMAN SERVICES,

      Respondent.

No. 17-221V<br>
Special Master Oler

## STIPULATION

The parties hereby stipulate to the following matters:

1.   Petitioners, Joelle Chilazi, as legal representative of the Estate of Zakaria Chilazi, and Claire Chilazi, administrator of the estate of Zakaria Chilazi, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program") on February 15, 2017.[1] The petition seeks compensation for injuries leading to the death of Zakaria Chilazi ("Mr. Chilazi") allegedly related to his receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.   Mr. Chilazi received the vaccine on or about October 20, 2015.

3.   The vaccine was administered within the United States.

4.   The petition alleges that the flu vaccine caused Mr. Chilazi to suffer cardiac arrest,

---

[1] On January 4, 2020, the Court ordered the caption to be amended to reflect Claire Chilazi as the sole petitioner.

-1-

which ultimately lead to his death.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Chilazi's behalf as a result of Mr. Chilazi's alleged injury or death.

6. Respondent denies that the vaccine caused Mr. Chilazi to develop any of the alleged injuries, any other injury or condition, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$2,000.00** in the form of a check payable to petitioner, as legal representative of the estate of Zakaria Chilazi. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in any proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or

-2-

can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis, and represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g).

11. Payment(s) made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Zakaria Chilazi's estate under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mr. Chilazi's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Zakaria Chilazi estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Zakaria Chilazi upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and as legal representative of the estate of Zakaria Chilazi, on petitioner's own behalf and on behalf of the estate and Mr. Chilazi's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from

-3-

any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Chilazi resulting from, or alleged to have resulted from, the vaccination as alleged by petitioner in a petition for vaccine compensation filed on or about February 15, 2017, in the United States Court of Federal Claims as petition No. 17-221V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the

-4-

Secretary of Health and Human Services that the vaccine caused Mr. Chilazi's alleged injuries or death, or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of the estate of Zakaria Chilazi.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

_Claire Chilazi_
Claire Chilazi

ATTORNEY OF RECORD
FOR PETITIONER:

_David G Rogers_
David Gregory Rogers
Attorney for Petitioner
Rogers, Hofrichter & Karrh, LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
Tel: 770-460-1118
Email: grogers@rhkpc.com

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Heather L Pearlman_
HEATHER L. PEARLMAN
~~Acting~~ Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_Dale Mishler, DHSc, MS, APRN, for_
TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs
Healthcare System Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_Lynn C Schlie by Heather L Pearlman_
Lynn C. Schlie
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: 202-616-3667
Email: Lynn.Schlie@usdoj.gov

Dated: 06/29/2021

-6-